## SHARP *v.* HIS CREDITORS.

On a petition for a discharge from the debts of the petitioner, under the Insolvent Act, it is unnecessary for the petitioner to allege that his debts were created in this State. The Courts do not owe their jurisdiction, in insolvency cases, to an averment in the petition that the debts of the insolvent arose in this State.

APPEAL from the District Court of the Eighth Judicial District, County of Siskiyou.

The facts appear in the opinion of the Court.

*J. A. Fletcher* for Appellant.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J., concurring.

In this case, the petitioner filed his petition in the usual form, in the District Court of Siskiyou county, praying to be discharged from his debts. The proceedings on his part seem to be regular. The creditors filed a demurrer to the petition. The demurrer sets out, as cause of opposition, the general objection that there are not facts sufficient to entitle the petitioner to his discharge, and more specifically that the debts of petitioner are not shown to have been created in this State. The Court sustained the demurrer, and dismissed the petition, with costs.

Without passing upon the question of the regularity or propriety of this proceeding on the part of the creditors, it seems to us that the Court erred in sustaining the demurrer. The facts are sufficient, and the Court does not owe its jurisdiction to an averment on the face of the petition that the debts arose in this State. What the effect of a discharge may be upon debts made in another State, it is not necessary to determine.

Judgment reversed, and cause remanded.